The Honorable Louie L. Wainwright Secretary Department of Corrections 1317 Winewood Boulevard Tallahassee, Florida 32301
Attention: Mr. Robert W. Milner, Jr., Correctional Training Specialist
Dear Secretary Wainwright:
This is in response to your request for an opinion on substantially the following question:
 DOES THE EXEMPTION TO THE PUBLIC RECORDS LAW SPECIFIED BY s 119.07(3)(k) APPLY TO CORRECTIONAL OFFICERS?
Your inquiry states that the Correctional Training Institute, as a training facility for the Department of Corrections, has the responsibility of informing and instructing correctional officer trainees concerning personnel rules and records. You note that the Legislature recently amended ss 112.531-112.534, F.S., the `Law Enforcement Officer's Bill of Rights,' to include in every phase thereof, correctional officers. See, Ch. 82-156, Laws of Florida. Thus you ask, in light of the 1982 amendments to Part VI, Ch. 112, if the effect of those amendments is to include correctional officers within the meaning of the term `law enforcement personnel' as it is used in s 119.07(3)(k), F.S., such that the exemption specified in that section applies also to correctional officers.
`Correctional officer' is defined by newly amended s 112.531(2), F.S., as
 any person, other than a superintendent, who is appointed or employed full time by the state or any political subdivision thereof whose primary responsibility is the supervision, protection, care, custody, or control of inmates within a correctional institution; however, the term `correctional officer' does not include any secretarial, clerical, or professionally trained personnel.
See also, s 943.10(2).
Section 119.07(1)(a), F.S., provides that the custodian of public records shall permit such records to be inspected at reasonable times and under reasonable conditions. If a particular record contains information which is made confidential by general or special law, the custodian's duty is to delete or excise that portion of the record to which the exemption applies, and to produce for inspection the remainder of the record. Section119.07(2)(a), F.S. I must point out that the recent amendments to Part VI, Ch. 112, by Ch. 82-156, Laws of Florida, are not dispositive of your inquiry concerning Ch. 119. The purpose of these amendments was to provide correctional officers the protection of the `Law Enforcement Officer's Bill of Rights,' but the question of whether correctional officers are included within the term `law enforcement personnel' in s 119.07(3)(k) is a different matter. Compare, AGO 076-5.
Section 119.07(3)(k), F.S.,[1] provides:
 The home addresses, telephone numbers, and photographs of law enforcement personnel; the home addresses, telephone numbers, photographs, and places of employment of the spouses and children of law enforcement personnel; and the names and locations of schools attended by the children of law enforcement personnel are exempt from the provisions of subsection (1). (e.s.)
Thus, the only question is whether correctional officers are included within the term `law enforcement personnel.' Nowhere does Ch. 119 define this term for the purposes of the Public Records Law; therefore the meaning must be construed in light of its ordinary meaning and in view of statutory definitions of related terms contained in the Florida Statutes.
Black's Law Dictionary 796 (5th Ed. 1979), defines `law enforcement officer' as one `whose duty it is to preserve the peace,' and at p. 1017 defines `peace officer' as an officer whose duty it is `to enforce and preserve the public peace . . . any person who has been given general authority to make arrests.' Attorney General Opinion 076-5 concluded that the supervision of prisoners and their activities during the terms of their confinement can be classified as a police function in that they keep the public peace, and also concluded that guards of the then Department of Offender Rehabilitation, designated law enforcement officers pursuant to s 790.001(8)(d), F.S., and actually serving as armed guards or custodial officers, are also law enforcement officers entitled to the benefits of s 90.141. Attorney General Opinion 076-5 also noted that in other jurisdictions, prison guards and custodial officers or employees are considered law enforcement or peace officers. See also, AGO 076-24, construing s112.19(1)(c), and concluding that parole and probation officers are `law enforcement officers' for the purposes of that statute, since, among other reasons, they have limited powers of arrest
pursuant to s 947.22(2). Correctional officers also have the power to make arrests. See, s 843.04(1) (which requires prison guards to arrest any escaped convict) and s 944.39 (which authorizes any `peace officer or any . . . guard of the department' to arrestwithout warrant persons interfering with prisoner work or the discipline or good conduct of prisoners). Thus it would appear that correctional officers, as defined in s 943.10(2) and newly amended s 112.531(2), are just as much `law enforcement officers' within the scope of their jurisdiction as are sheriffs and municipal police officers within their respective jurisdictions. See, AGO 076-5.
Additionally, I note that Part VI, Ch. 112, is but one of many statutes that treat or define `law enforcement officers' and `correctional officers' in a similar way. Section 790.001(8), in defining `law enforcement officers' includes both (a) employees of any state agency that have the authority to make arrests and (d) employees of the state prisons or correctional systems who have been designated as law enforcement officers by the Department of Corrections or by a superintendent of an institution. For the purposes of Part I, Ch. 112, s 112.19(1)(c) includes within the meaning of `law enforcement officer' any full-time officer whose duties require him to transport, handle, or guard persons arrested for, charged with or convicted of violations of the criminal laws.See also, s 121.0515(2)(a) and (c) (defining the criteria for designation as a `special risk member' of the Florida Retirement System, and including both law enforcement officers and certain correctional officers), ss 943.13 (establishing basic uniform qualifications of law enforcement officers and correctional officers), and 943.145 (concerning certification and decertification of both categories of officers).
In view of the above statutes and authorities, I am persuaded that correctional officers are included within the term `law enforcement personnel' as that term is employed in s 119.07(3)(k).
In summary, it is my opinion that s 119.07(3)(k), which exempts `[t]he home addresses, telephone numbers, and photographs of law enforcement personnel; the home addresses, telephone numbers, photographs, and places of employment of the spouses and children of law enforcement personnel; and the names and locations of schools attended by the children of law enforcement personnel' from s 119.07(1)(a), the mandatory inspection provision of the Public Records Law, applies to such records which pertain to correctional officers.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General
[1] I note in passing that the Governor vetoed CS for HB 291, on April 8, 1982; that bill would have amended s 119.07(3)(k) to exempt complaints against law enforcement personnel and internalinvestigative information for a specified time period.